IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHEILA NOEL                          :

   v.                   :   Civil Action No. DKC 13-1412

ANN HUSTON                           :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is an unopposed motion filed by the government to substitute the United States as the sole defendant and to dismiss the case for lack of subject matter jurisdiction. (ECF No. 5). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted.

**I.  Background**

Plaintiff Sheila Noel, proceeding *pro se*, commenced this action on March 15, 2013, by filing a complaint in the District Court of Maryland for Montgomery County against Defendant Ann Huston. According to the complaint, Plaintiff suffered "personal, physical, [and] emotional injury [Defendant] caused at work" related to "harassment on the job and stress caused by injury on [August 10, 2012]." (ECF No. 2, at 1). Plaintiff seeks damages in the amount of $30,000.

Ms. Huston was served on April 15. On May 10, the government filed a notice of removal, asserting that both Plaintiff and Ms. Huston are employees of the National Institutes of Health, that Plaintiff seeks money damages resulting from alleged conduct by Defendant occurring within the scope of her employment, and that, pursuant to 28 U.S.C. § 2679(d), the case is properly deemed an action against the United States and is removable. On the same date, the government filed a motion to substitute the United States as the sole defendant and to dismiss the complaint for lack of subject matter jurisdiction. (ECF No. 5). The clerk provided notice to Plaintiff that a potentially dispositive motion was pending against her, but Plaintiff did not respond.

**II. Motion to Substitute**

The Government asserts that the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), requires substitution of the United States as the sole party defendant for Plaintiff's tort claims. The FTCA immunizes federal employees from liability for "negligent or wrongful act[s] or omission[s] . . . while acting within the scope of [their] office or employment." 28 U.S.C. § 2679(b)(1). When a federal employee is sued for tortious conduct, the United States Attorney for that district, acting on behalf of the Attorney General, must certify whether the employee was acting within the scope of his or her

2

employment at the time of the alleged act. 28 U.S.C. § 2679(d)(1). If the United States Attorney certifies that the employee acted within the scope of employment, then (1) the United States is substituted as the sole defendant; (2) suits filed in state court must be removed to federal court; and (3) the plaintiff may sue the United States only in accordance with the FTCA. *See id.; see also Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997).

Here, the United States Attorney for the District of Maryland has certified that Ms. Huston was acting within the scope of her employment for the National Institutes of Health at the time of the alleged conduct (ECF No. 10), and Plaintiff has not challenged this assertion. *See Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155 (4th Cir. 1997) ("If the plaintiff does not come forward with any evidence, the certification is conclusive"). Accordingly, Ms. Huston will be dismissed and the motion to substitute the United States as the sole defendant will be granted.

**III. Motion to Dismiss**

**A. Standard of Review**

Motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction exists in federal court. *See Evans v. B.F. Perkins*

*Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding such a motion, the court "may consider evidence outside the pleadings" to determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

**B. Analysis**

The government argues that Plaintiff's tort claims should be dismissed due to her failure to exhaust administrative remedies. Under the FTCA, the plaintiff must first present a tort claim to the relevant government agency before an action can be filed in court. The exhaustion requirement is jurisdictional and cannot be waived. *See Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).

The government submits the declaration of Kara Hicks, an attorney in the Office of General Counsel, Department of Health and Human Services, asserting that the general counsel's office "maintains in a computerized database a record of administrative tort claims filed with the Department," that Ms. Hicks "caused a search of the . . . database to be conducted," and that she "found no record of an administrative tort claim presented to

4

the Department by or on behalf of Shelia Noel." (ECF No. 5-2). Plaintiff does not challenge this evidence. Accordingly, the record establishes that she has failed to exhaust administrative remedies under the FTCA with respect to any tort claim.

Insofar as Plaintiff intended to raise claims of employment discrimination under Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), the government contends that she has also failed to exhaust her administrative remedies. Under Title VII, a federal employee must file a formal complaint with the EEOC within fifteen days of receiving the right to do so. 29 C.F.R. § 1614.106(b). Failure to file a formal complaint within the fifteen-day period constitutes a failure to exhaust administrative remedies and is grounds for dismissal. *See Moret v. Harvey*, 381 F.Supp.2d 458, 467 (D.Md. 2005); *Ringgold v. Napolitano*, Civ. No. CCB-13-210, 2013 WL 4852246, at *3 (D.Md. Sept. 10, 2013).

In support of its claim in this regard, the government attaches the declaration of Karen Fitzpatrick, an Equal Employment Opportunity Specialist in the Office of Equal Opportunity and Diversity Management, Division of Complaints Management and Resolution, National Institutes of Health, United States Department of Health and Human Services. Ms. Fitzpatrick asserts that Plaintiff "has filed two (2) active, EEO complaints (one formal and one informal), in which she alleges that she has

5

experienced discrimination and harassment in the workplace, and in which she names her supervisor, Ann Huston . . . as [a] Responsible Management Official[.]" (ECF No. 5-4 ¶ 3). The first of these complaints was filed on December 15, 2011, and "is currently under investigation due to several amendments filed by [Plaintiff]." (*Id.*).[1] The second, according to Ms. Fitzpatrick, "is a pre-complaint . . . which was filed on March 4, 2013, and is currently closed, pending [Plaintiff's] election to file a formal complaint," which she has not yet done. (*Id.* at ¶ 4).

To the extent that Plaintiff intended to allege employment discrimination under Title VII, the record demonstrates that she has failed to exhaust administrative remedies with respect to such claim.

**III. Conclusion**

For the foregoing reasons, the government's motion will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[1] That complaint, filed before the alleged injury on August 10, 2012, that is the subject of this suit, is unrelated.